UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Gilchrist, | ) C/A No.  4:13-2648-MGL-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Lawson Battles, Nichols Mayor;<br>Chief Lewis, of the  Nichols Police Dept., and<br>Kim Hodge, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Alfred Gilchrist ("Plaintiff"), a prisoner at Ridgeland Correctional Instiution, alleges that Defendants Battles and Lewis are liable for "deprivation of [his] civil rights" by failing to arrest their co-Defendant Hodge for burning down Plaintiff's house. ECF No. 1, Compl. 2, 3. He states that he told both Defendant law-enforcement officers about "the incident," but that both refused to arrest Hodge. *Id*. He seeks compensatory and punitive damages, and other undetailed relief. *Id*.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case.  This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal without service on the Defendants because Plaintiff does not have any constitutional (or civil) right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have

held that, in general, a private citizen, such as the Plaintiff, may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g.*, *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice").

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v.*

3

*Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)). Although the Plaintiff asserts that his "civil rights" have been violated by the Defendants' failure to arrest and charge the person he claims burned down his house, he does not specify which civil right or rights he believes have been violated. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, unless there are facts showing that they failed or refused to act because of racial, religious, gender or other illegal discrimination. There are no such facts alleges here and, thus, no federal cause of action under 42 U.S.C. § 1983 or other federal law is stated, even under the most liberal construction of the Complaint in this case.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 26, 2013  
Florence, South Carolina

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).